4

**United States District Court
Southern District of Texas
FILED**

**FEB 0 9 2004**

**Michael N. Milby
Clerk of Court**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLISON NOEL BOWEN, | § | **B-04-025** |
| | § | CASE NO. CR- B-01-488 |
| | § | |
| | § | |
| MOVANT/ PETITIONER | § | MOTION TO VACATE, SET |
| | § | ASIDE AND CORRECT, |
| VS. | § | SENTENCE, PURSUANT |
| | § | *TO 28 U.S.C. §2255* |
| UNITED STATES OF AMERICA | § | |
| | § | |
| PLAINTIFF/ RESPONDENT. | § | |
| | § | |

COMES NOW PETITIONER, ALLISON NOEL BOWEN, ACTING AS PROPRIA, RESPECTFULLY MOVES THIS HONORABLE COURT TO VACATE, SET ASIDE AND CORRECT SENTENCE PURSUANT TO 28 U. S. C. S. § 2255. THIS MOTION IS SUPPORTED BY THE ATTACHED STATEMENTS OF THE CASE AND MEMORANDUM OF POINTS AND AUTHORITIES.

RESPECTFULLY SUBMITTED THIS 29TH DAY OF JANUARY 2004

ALLISON NOEL BOWEN

REG. NO. 11501-179

1801 WEST I-20

BIG SPRING. TX 79720

5

## INTRODUCTION

ON FEBURARY, 5TH 2001 MR. ALLISON NOEL BOWEN, WAS SENTENCE TO 46 MONTHS IMPRISONMENT FOR ATTEMPT ILLEGAL REENTRY. AN ILLEGAL ALIEN FOUND IN THE UNITED STATES FOLLOWING DEPORTATION, IN VIOLATION OF **8 U. S. C. § 1326** WHICH RESULTING IN THE DEFENDANT RECEIVING 46 MONTHS. THE DEFENDANT MR. BOWEN CONTENDS THAT UNDER RESENT SUPREME COURT LAW THE MAXIMUM TERM OF IMPRISONMENT SHOULD BE (2) TWO YEARS.

*DEFENDANT ALLISON NOEL BOWEN, RESPECTFULLY REQUESTS THAT THIS COURT DOWNWARD DEPART ON THE GROUNDS MR. BOWEN HAS ASSIMILATED INTO THE UNITED STATES. HE KNOWS THAT HE IS NOT SUPPOSED TO BE IN THIS COUNTRY BUT CAME BECAUSE LIFE IN THE UNITED STATES IS THE ONLY LIFE HE KNOWS. WITH ALL RESPECT MR. BOWEN SUBMITS THAT A SENTENCE OF 24 MONTHS IS SUFFICIENT TO ACHIEVE THE PURPOSES OF A SENTENCE: INCAPACITATION, DETERRENCE AND REHABILITATION. THIS WOULD BE A SENTENCE SIMILAR TO THE OTHER DISTRICT COURTS. NO ADDITIONAL LEGITIMATE PURPOSE WILL BE ACHIEVING BY IMPOSING A GREATER SENTENCE.*

### A.

### DEFENDANT'S POSITION
### THE PROPRIETY OF
### DEPARTURE IN GENERAL

ONCE THE GUIDE LINE RANGE IS COMPUTED, THE COURT SHOULD DEPART FROM THE GUIDE LINE RANGE IF "(t) HERE EXITS AN AGGRAVATING OR MITIGATING CIRCUMSTANCE OF A KIND, OR TO A DEGREE, NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE SENTENCING COMMISSION IN FORMULATING THE GUIDE LINES." **18 U.S.C. 3553 (b)**. FURTHERMORE, THE COURT SHOULD NEVER IMPOSE A SENTENCE GREATER THAN NECESSARY TO:

6

(A)  REFLECT THE SERIOUSNESS OF THE OFFENCE, PROMOTE

RESPECT FOR THE LAW, AND PROVIDE A JUST PUNISHMENT,

(B)  AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT,

(C)  PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE

DEFENDANT, AND

(D) PROVIDE THE DEFENDANT WITH NEEDED TRAINING, CARE, AND

TREATMENT,

**18 U. S. C. 3553 (a').**

THE SUPREME COURT HAS TAKEN A VERY BROAD VIEW OF TRIAL COURT'S POWER TO DEPART FROM THE GUIDELINES, AND A VERY NARROW VIEW OF THE GROUNDS IN WHICH ARE PRECLUDED AS A MATTER OF LAW, RECOGNIZING THAT POTENTIAL DEPARTURE FACTORS "CANNOT, BY THEIR VERY NATURE, BE COMPREHENSIVELY LISTED AND ANALYZED IN ADVANCE" UNITED **STATES V. KOON, 116 S. CT. 2035 (1966).** MR. BOWEN SUBMITS THAT THE FOLLOWING GROUNDS ADVANCED FOR DOWNWARD DEPARTURE ARE PERMISSIBLE UNDER *KOON, AND ARE OUTSIDE THE HEARTLAND OF TYPICAL CASE, AND THAT THESE GROUNDS, INDIVIDUALLY OR IN COMBINATION, WARRANT A DEPARTURE FROM THE CALCULATED GUIDELINE RANGE.*

### *MR. ALLISON NOEL BOWEN CULTURAL ASSIMILATION*

MR. BOWEN HAS BEEN IN THIS COUNTRY PRACTICALLY ALL HIS ENTIRE LIFE, AND HAS ALL HIS FAMILY IN THE UNITED STATES INCLUDED U. S. BORN CHILDERN.  **SEE PSR, PSR 807-87.** THUS, MR. BOWEN HAS SPENT THE BETTER PART OF HIS LIFE IN THE UNITED STATES AND TO A LARGE EXTEND HE HAS "ASSIMILATED" WELL INTO THIS COUNTRY.

THE ISSUE OF "CULTURAL ASSIMILATION: WAS ADDRESSED RECENTLY BY THE NINTH CIRCUIT IN THE **UNITED STATES V. LIPMAN, 133 F.3d 726 (9th. CIR. 1998).** IN LIPMAN, THE NINTH CIRCUIT DEALT WITH THE ISSUE OF THE ASSIMILATION OF AN INDIVIDIUAL INTO AMERICAN SOCIETY BY *THE LENGTH OF HIS LEGAL RESIDENCY OVER TIME. THE ARGUMENT PUT FORTH WAS THAT THE CULTURAL ASSIMILATION MITIGATES THE*

7

CULPABILITY IN THAT THE REENTRY WAS MOTIVATED BY CULTURAL, EMOTIONAL AND PSYCHOLOGICAL TIES, RATHER THAN THE MERE BASE ECONOMIC MOTIVE OR INTENTION TO COMMIT FURTHER CRIMINAL ACTS.

THE **LIPMAN** COURT HELD THAT CULTURAL ASSIMILATION DOES PROVIDE A BASIS FOR THE DISTRICT COURT TO DEPART UNDER **U.S.S.G. §5K2.O.** SPECIFICALLY, THE NINTH CIRCUIT STATED:

CULTURAL ASSIMILATION MAY BE RELEVANT TO SENTENCING UNDER **U.S.S.G. SECTION 2L1.2** IF A DISTRICT COURT FINDS THAT A DEFENDANT'S UNUSUAL CULTURAL TIES TO THE UNITED STATES RATHER THAN ORDINARY ECONOMIC INCENTIVES-PROVIDED THE MOTIVATION FOR THE DEFENDANT'S ILLEGAL REENTRY OR CONTINUED PRESENCE IN THE UNITED STATES. CULTURL ASSIMILATION MAY ALSO BE RELEVANT TO THE CHARACTER OF A DEFENDANT SENTENCE UNDER **U.S. S. G. SECTION 2L1.2** INSOFAR AS HIS CULPABILITY MIGHT BE LESSENED IF HIS MOTIVE WERE FAMILIAR OR CULTURAL RATHER THAN ECONOMIC. *THUS UNLIKE THE GENERAL TREAT OF DEPORTATION, CULTURAL ASSIMILATION IS A FACT-SPECIFIC GROUND FOR DEPARTURE THAT MAY SPEAK TO AN INDIVIDUAL DEFENDANT'S OFFENCE, HIS CONDUCT AND HIS CHARACTER, AND NOT JUST TO FUTURE EVENTS UNRELATED TO THE DEFENDANT'S INDIVIDUAL CIRCUMSTANCES.*
**LIPMAN, 133 F .3d AT 731**
THE **LIPMAN** COURT HELD THAT IT WAS PERMISSIBLE FOR THE DISTRICT COURT TO GRANT A DOWNWARD DEPARTURE ON CULTURAL ASSIMILATION. MR. BOWEN CAME BACK TO THIS COUNTRY BECAUSE THIS IS THE ONLY COUNTRY HE REALLY KNOWS, AND ALL HIS FAMILY IS HERE. HE HAS NOT SUSTAINED ANY NEW CRIMINAL CONVICTIONS SINCE HIS LAST DEPORTATION. THE DEFENDANT SUBMITS THAT THESE *FACTS WARRANT A DOWNWARD DEPARTURE FROM THE CALCULATED SENTENCE RANGE.*

8

## UNDER RECENT SUPREME COURT LAW, THE MAXIMUM PENALTY APPLICABLE TO THIS CASE IS TWO YEARS

ON JUNE 28, 2000, THE UNITED STATES SUPREME COURT DECIDED **APPRENDI V. NEW JERSEY, ---U. S.---, 120 S. CT. AT 2348 (2000)**,AND A FIVE—JUSTICE MAJORITY OF THE COURT HELD THAT A FACT, OTHER THAN A PRIOR CONVICTION, THAT INCREASES THE STATUTORY MAXIMUM OF AN OFFENCE IS AN ELEMENT OF THAT OFFENCE. ---U.S. AT----; **120 S CT. AT 2362—63 (STEVENS, J., CONCURRING)**.

**APPRINDI** CALLS INTO QUESTION THE CONTINUING VALIDITY OF **ALMENDAREZ- TORRES V. UNITED STATES, 523 U. S. 224 (1998)**. **AlMENDAREZ- TORRES** INVOLVE A DEFENDANT CHARGED – LIKE MR. BOWEN – WITH VIOLATING **8 U. S. C. §1326 SUBSECTION (b) (2) OF THE STATUE PROVIDES FOR A TWENTY** – YEARS MAXIMUM PENALTY. THE TWENTY YEARS MAXIUM IS TRIGGERED WHEN THE DEFENDANT HAD SUFFERED THE CONVICTION OF AN AGGRAVATED FELONY (AS DIFINED IN **8 U. S. C. §1326 (b) (2)**. IN ALMENDAREZ—TORRES, THE SUPEREME COURT HELD THAT THE GOVERNMENT NEED NOT CHARGE A DEFENDANT WITH VIOLATING A SPECIFIC SUBSECTION OF 8 U. S. C. §1326, BECAUSE THE PRIOR CONVICTION OF DEFENDANT CHARGED UNDER THAT STATUE ARE SENTENCING FACTOR, NOT ELEMENT OF THE OFFENCE. **523 U. S. AT 247.**

IN **UNITED STATES V. PACHECO—ZEPEDA,----F .3d----,2000 WL 1781662 (9TH, CIR. DEC.6, 2000)**, THE DEFENDANT READ **APPRENDI** TO LIMIT **ALMENDAREZ—TORRES** TO IT'S FACTS. SPECIFICALLY, THE DEFENDANT ARGUE THAT **APPENDI'S** REASONING, AS WELL AS ITS EXPLICATION OF **ALMENDAREZ—TORRES**, SHOWED THAT THE SUPREME COURT'S DECISION IN **ALMENDAREZ--- TORRES**, WAS GROUNDED IN THE FACT THAT THE DEFENDANT IN THAT CASE HAD ADMITTED HIS PRIORS AT HIS CHARGE OF PLEA PROCEEDING. THE NINTH CIRCUIT DISAGREED, HOLDING THAT **APPRENDI** NEITHER OVERRULES **ALMENDAREZ--- TORRES** NOR LIMITS IT TO ITS FACTS.

9

NOTHING, HOWEVER, THAT THE SUPREME COURT IN **APPRENDI** HAD EXPRESSED SERIOUS RESERVATIONS ABOUT **ALMENDAREZ--- TORRES**, THE NINTH CIRCUIT OBSERVED THAT **APPRENDI** "CASTS DOUBT ON THE CONTINUING VIABILITY OF **ALMENDAREZ--- TORREZ**" AND STATE THAT **ALMENDAREZ---TORREZ** " *MAY EVENTUALLY BE OVERRULE*" *id AT *3*. *A PETITION, FOR WRIT OF CERTIORARI IS BEING PREPARED IN* ***PACHECO--- ZAPEDA****, AND SIMILAR PETITIONS HAVE BEEN FILED IN* OTHER CIRCUIT. MR. BOWE UNDERSTANDS THAT THE NINTH CIRCUIT HAS SPOKEN ON THE ISSUE, BUT NEVERTHELESS, HE SEEKS TO PRESERVE IN THE EVENT THAT THE SUPREME COURT GRANT ONE OF THE PETITIONS AND EITHER LIMITS OR OVERRULES **ALMENDAREZ--- TORRES.**

10

## MEMORANDUM IN SUPPORT OF §2255

A PRISONER, IN CUSTODY UNDER SENTENCE OF A COURT
ESTABLISHED BY ACT OF CONGRESS CLAMING THE RIGHT TO BE
RELEASE UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN
VIOLATION OF THE CONSTITUTION OR LAW OF THE UNITED STATES, OR
THAT THE COURT WAS WITH OUT JURISDICTION TO EMPOSED SUCH
SENTENCE, OR THAT THE SENTENCE WAS IN EXCESS OF THE MAXIMUM
AUTHORIZED BY LAW, MAY MOVE THE COURT WHICH IMPOSED THE
SENTENCE TO VACATE, SET ASIDE OR CORRECT THE SENTENCE. MR.
ALLISON NOEL BOWEN RESPECTFULLY SO MOVES THE COURT.
THE BASIC FOR MOVANT'S PETITION FOR FELIEF IS THAT HE DID NOT
RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY
THE SIX AMENDMENT OF THE UNITED STATES CONSTITUTION.
SPECIFICALLY, MOBVANT ASSERTS THAT HIS ATTORNEY KNEW OR
SHOULD HAVE KNOWN OF THE NINTH CIRCUIT RULING IN **UNITED
STATES V. PACHECO—MEDINA, 212 F. 3d 1162 (9TH CIR.2000)**, A CASE
*OPPISITE TO THAT OF MOVANT, WHEREIN IT WAS RULED THAT A
DEFENDANT THAT CAPTURED WHILE CLOSE TO THE BORDER AND
NEVER FREE FROM OFFICIAL RESTRAINT DID NOT COMMIT THE CRIME
OF ILLEGAL REENTRY, IN VIOLATION OF TITLE 8 U. S. C. §1326 (a.).*
MOVANT'S CASE AND THE CIRCUMSTANCES OF HIS ARREST ARE
VIRTUALLY INDISTINGUISHABLE FROM THAT CASE AND IT IS MOVAN'S
POSITION THAT HE DID NOT COMMIT THIS CRIME. ALLISON NOEL BOWEN
RESOECTFULLY SUMMIT THAT HIS ATTORNEY WAS INEFFECTIVE
THROUGH HIS FAILURE TO HAVE THE CHARGE DIAMISSED.
AS A RESULTS MOVANT SUFFERED PREJUDICE THRU HIS ATTORNEY
INSISTANCE THAT HE SIGN A PLEA AGREEMENT WHERE BY HE
RECEIVED SEVENTY MONTHS IMPROSONMENT FOR THE CRIME ILLEGAL
REENTRY, A CRIME WHICH ... AS SHALL BE SEEN ... HE DID NOT
COMMIT. HIS ATTORNEY WAS BY DEFINITION INEFFECTIVE.

11

*MR. ALLISON NOEL BOWEN WAS CHARGE WITH VIOLATION OF 8 U. S. C.*
*§1326(A). ATTEMPT ILLEGAL REENTRY FALLOWING DEPORTATION.*
*REPORTS GENERATED BY ARRESTING LAW ENFORCEMENT OFFICIALS*
*INDICATED THAT THE DEFENDANT WAS CAUGHT ATTEMPTING*
*ENTERING THE UNITED STATES AT BROWNSVILLE, TEXAS, PORT OF*
*ENTRY ON AUGUST 29, 2001. YET THOSE SAME REPORTS INDICATED*
*THAT THE DEFENDANT DID NOT MANAGE TO "ENTER" THE UNITED*
*STATES, BECAUSE HE WAS NEVER ENTERELY FREE FROM OFFICIAL*
*RESTRAINT AND HAD NO HOPE OF ESCAPING INTO THE GENERAL*
*POPULATION. A RECENT NINTH CIRCUIT DECISION HAS ESTABLISH*
*EXACTLY WHAT CONSTITUTES ILLIGAL RE-ENTRY PURSUANT TO TITLE 8*

*U.S.C. §1326 (a), AND IT IS APPARENT FROM THE REPORTS GENERATED*
*BY ARRESTING OFFICIALS IN THIS CASE THAT MR. ALLISON NOEL*
*BOWEN DID NOT MANAGE TO COMMIT THIS CRIME.*
IN ODER TO RECOGNIZE THE VALIDITY OF MOVANT ASSERTIONS IT
MUST FIRST EXAMINE THE OFFENCE CONDUCT. AS THE COURT BEGINS
TO CONSIDER WHETHER MR. ALLISON NOEL BOWEN COMMITTED A
CRIME, IT MUST DO SO WITH THE KNOWLEDGE THAT HE WAS AN ALIEN,
WHO HAD BEEN REMOVED FROM THE COUNTRY AND HE HAD AGAIN SET
FOOT ON UNITED STATES SOIL. IT IS ALSO CLEAR THAT IT IS A CRIME
FOR AN ALIEN TO ENTER, ATTEMPT TO ENTER, OR "AT ANY TIME (BE)
FOUND IN" THE UNITED STATES AFTER HAVING ONCE BEEN DEPRTED
FROM THIS COUNTRY. 8 U.S.C. §1326 (a). THUS, A GENERAL READING
*WOULD SUGGEST THAT MR, ALLISON NOEL BOWEN DID COMMIT THE*
*CRIME BECAUSE HE SURELY LEFT MEXICO FOR THE UNITED STATES, HE*
*JUST WAS FOUND ON OUR SOIL AFTER HE CAME OVER THE BOARDER*
*BRIDGE. BUT AS A MATTER OF LAW IT IS NOT THAT QUITE EASY*
BECAUSE PHYSICAL PRESENCE IS NOT ENOUGH. THAT IT MUST
CLEARLY SHOWN IN THE CONCEPT OF "**ENTRY**" A CONCEPT WHICH HAS
A LONG JUDICIAL HISTORY, AS THE SUPREME COURT HAS POINTED OUT
" (T) HE DEFINITION OF "**ENTRY**" AS APPLIED FOR VARIOUS PURPOSES

12

IN OUR IMMIGRATION LAWS WAS INVOLVED JUDICIALLY" **ROSENBERG V,**
**FLUETI 374 U.S. 449, 453, 83 S.CT.1804, 1807, 10 L. ED. 2D 1000 (1963.)**
THE DEFINITION DID NOT ENTER THE IMMIGRATION STATUS UNTIL **1952.**
**SEE, ID.** THE MOTION WAS EXPRESSED IN A **1908** CASE WHERE ALIENS
HAD CROSSED THE BORDER AND PRECEDED FOR A QUARTER OF MILE
ALONG RAILROAD TRACKS, BUT HAD BEEN UNDER THE SURVEILLANCE
OF BORDER INSPECTORS FROM BEFORE THE TIME THEY CROSSED
UNTIL THEIR ACTUAL PHYSICAL CAPTURES. SEE, **EX PARTE CHOW**
**CHOK, 161 F. 627, 628-29 (N.D.N.Y.), AFF D., 1021 (CIR. 1908).** THE COURT
SAID THAT THE ALIENS HAD NOT ENTERED AT ALL. ON THE
COUNTRARY:

> "THEY WERE NOT" PERMITTED TO ENTER" OR ALLOWED TO ENTER, WITHIN
> THE MEANING AND INTENT OF THE LAW. " ENTER" MEANS MORE THAN THE
> MEAR ACT OF CROSSING THE BORDERLINE. THOSE WHO SEEK TO ENTER IN
> THE SENSE OF THE LAW AND THOSE THE POLICY OF THE LAW SEEKS TO
> PREVENT FROM ENTERING ARE THOSE WHO COME TO STAY PERMANENTLY,
> OR FOR A PERIOD OF TIME, OR TO GO AT LARGE AND AT WILL WITHIN, THE
> UNITED STATES.   THESE PERSONS,  ON  ENTERING,  WERE  AT  ONCE
> SURROUNDED  BY  OFFICERS,  SILENTLY  TAKEN  IN  CHARGE,  IN  EFFECT
> *ARRESTED, AND FROM THAT TIME EFFECTUALLY DEPRIVED OF THEIR LIBERTY*
> *AND PREVENTED FROM GOING AT LARGE WITHIN THE UNITED" STATES."*

Id. AT 630 SEE ALSO, **ZHANG V. STATTERY 55 F. 3d 732, 754, 755, (2nd CIR.**
**1995); CORREA V. THORNBURGH, 901 F. 2d 1166, 1171-72 (2ND. CIR.1980)**
. THE BOARD OF IMMIGRATION APPEALS HAS REPEATED THE THEME.
SEE, **MATTER OF PIERRE 141. & N. DEC. 467 (1973).** IN THAT CASE THE
**BIA** MADE IT CLEAR THAT, AS RELEVANT HERE, BEFORE HE CAN BE
SAID TO HAVE ENTERD, **AN ALIEN MUST BE FREE FROM RESTRAINT.**
**SEE, ID, AT 468.** MORE PARTYCULARLY, "(t) HE RESTRAINT MAY TAKE
THE FORM OR SURVEILLANCE UNBEKNOWNST TO THE ALIENS; HE HAS
STILL NOT MADE AN ENTRY DESPITE HAVING BEEN CROSSED THE
BORDER WITH THE INTENSION OF EVADING INSPEVTIONS, BECAUSE HE
LACKS THE FREEDOM TO GO AT LARGE AND MIX WITH THE
POPULATION" **Id. AT 469.** THE THEME HAS ALSO BEEN USED BY OTHER

13

CIRCUITS. SEE YI YANG V. MAUGANS, 68 F. 3d 1540, 1549-50 (3rd. CIR. 1995), UNITED STATES V. KAVASANJIAN, 623 F. 2d 730, 736-37 (1st .CIR. 1980).

THE NINETH CIRCUIT HAS DEAL EXTENSIVELY WITH CASES LIKE THE CASE AT BAR. **UNITED STATES V. OSCAR 496 F2d 492 (9TH. CIR. 1974)** DEAL WITH ILLEGAL REENTRY WITH REGARD TO PRIMARY AND SECONDARY INSPECTION POINTS. **UNITED STATES V. MARTIN PLASCENCIA, 532 F, 2d 1316 (9TH. CIR.1976)**, EXAMINE THE CASE OF AN ALIEN WHO NOT ONLY MANAGE TO GET OVER THE FENCE BUT FOR A TIME OUT OF DIRECT SIGHT OF IMMIGRATION OFFICIALS. AND **UNITED STATES V. AGUILAR, 883 F2d 662 (9TH. CIR. 1989)**, ADDRESS A SCENARIO WHERE THE ALIEN WAS UNDER AN EXTENDED PERIOD OF SURVEILLANCE BUT THE MOST DEFINITIVE RULING, ISSUED MONTHS AGO, IS PERHAPS MOST OPPOSITE TO CAPTION CASE.

IN **UNITED STATES V. PACHECO- MEDINA, 212 F. 3d 1162 (9TH. CIR. 2000)**, IT WAS RULED THAT A DEFENDANT, WHO WAS CAPTURED WITHIN A FEW YARDS OF THE BORDER ARTER CLIMBING AN INTERNATIONAL BOUNDARY FENCE DID NOT ACTUALLY MANAGE TO **"ENTER"** THE UNITED STATES, AS REQUIRED TO SUPPORT A CONVICTION OF BEEN FOUND IN THE UNITED STATES AFTER HE HAS BEEN DEPORTED... BECAUSE THE DEFENDANT WAS NEVER FREE FROM OFFICIAL RESTRAINT **Id. AT 1163-66.**

APPENDED HERETO ARTE THE ARREST REPORTS, WHICH DESCRIBE THE CIRCUMSTANCES OF MR. ALLISON NOEL BOWEN ARREST BY LAW ENFORCEMENT ORRICIALS. IT CAN BE SEEN THAT THE CIRCUMSTANCES OF HIS ARREST DO NOT DIFFER SIGNIFICANTLY FROM THOSE OF **PACHECO—MEDINA**, CASE IN SALIENT DETAIL. MR. ALLISON NOEL BOWEN WAS NEVER FREE FROM OFFICIAL RESTRAINS, IN LEGAL CONTEMPLATION HE DID NOT **"ENTER"** THE UNITED STATES, AND IN ACCORDENCE WITH JUDICIAL PRECEDENT THERE WAS NOT ENOUGH IN

14

THE ARREST REPORTS TO SUPPORT A CONVICTION OF ATTEMPT
ILLEGAL REENTRY.

THE **PACHECO- MEDINA** DECISION WAS FILED **MAY 16TH, 2000**. MOVANT
WAS SENTENCE FEBRUARY 5TH, **2001**. MOVANT'S ATTORNEY KNEW OR
SHOULD HAVE KNOWN OF THIS RULING AND ITS APPLICABILITY TO MR.
ALLISON NOEL BOWEN.

GIVEN THE CIRCUMSTANCES OF MOVANT'S ARREST, THIS ATTORNEY
SHOULD HAVE MOVE TO STRIKE THE CHARGE OF ATTEMPT ILLEGAL
REENTRY BUT HE DID NOT, INSTEAD INDUCING HIM TO PLEA GUILTY TO
THE CHARGE AND SIGN A PLEA AGREEMENT WHEREBY HE WOULD BE
SENTENCE TO 46 **MONTHS** IMPRISONMENT. THE CASE AND PREJUDICE
PRONGS OF **STRICKLAND** ARE MANIFESTLY ESTABLISHED.

THE COURT IS THEREFORE DEFERENTIALLY URGED TO VACATE

MOVANT'S CONVICTION AND SENTENCE FOR A VIOLATION OF TITLE 8 U.
S. C. 1326(a). IN LIGHT OF THE **PACHECO- MEDINA** RULING AND THE
EFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS PRESENTED HEREIN
ANYTHING LESS THAN THIS WOULD BE AN INJUSTICE.

15

## CONCLUSION

WHEREFORE, PETITIONER RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANTS HIM THE FOLLOWING RELIEF:

FOR THE ABOVE LISTED REASONS, THE DEFENDANT ALLISON NOEL BOWEN REQUEST THAT THIS COURT SENTENCE MR. BOWEN TO NO MORE THAN 24 MONTHS IMPROSINMENT. TWENTY-FOUR MONTHS IMPRISONMENT FOR THE OFFENCE OF ATTEMPT ILLEGALLY RE-ENTRING THIS COUNTRY IS MORE THAN SUFFICIENT PUNISHMENT, AND SERVES THE PURPOSES OF PUNISHMENT AS SET FORTH IN 18 U.S.C. § 3553 (A).

1   ACCEPT JURISDICTION TO RULE IN THE FOLLOWING MOTION;

2   ISSUED AN ORDER ACCEPTING PETITIONER'S CLAIMS HEREIN PRESENTED REBUTTING IN SUPPORT OF §2255.

3   ISSUED AN ORDER RESQUESTING AN EVIDENTIARY HEARING MAY DETERMINED THE CLAIMS PRESENTED ON THE MOTION TO VACATE; AND

ANYOTHER RELIEF THIS HONORABLE COURT DEEMS AS PROPER TO GRANT THE PETITIONER.

EXCUTED THIS 29th DAY OF JANUARY 2004.

RESPECTFULLY SUBMITTED THIS 29TH DAY OF JANUARY 2004

ALLISON NOEL BOWEN

REG. NO. 11501-179

INTERSTATE UNIT

1801 WEST I-20

BIG SPRING TEXAS 79720