United States District Court
Southern District of Texas
ENTERED
JUN 0 3 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUN 0 3 2004
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLISON NOEL BOWEN, a.k.a. Allison Noel Jenkins, Petitioner, | § § § § § § § § | CIVIL ACTION NO. B-04-025 (CRIMINAL NO. B-01-488) |
| v. | | |
| UNITED STATES OF AMERICA, Respondents. | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Allison Noel Bowen ("Petitioner") has filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1). In addition, Petitioner filed a Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c) (Docket No. 2). For the following reasons, it is RECOMMENDED that the Petitioner's Motions (Docket Nos. 1 and 2) be deemed MOOTED by the decision rendered in *Bowen v. USA*, B-03-CV-032 (S.D.Tex. May 14, 2004).

### BACKGROUND

On September 27, 2001, the Petitioner was charged, in Count 1, with attempted illegal re-entry into the United States after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b); he was also charged, in Count 2, with making a false claim of United States citizenship, in violation of 18 U.S.C. § 1911. Bowen pleaded guilty to Count 1 pursuant to an agreement with the Government, whereby the Government agreed to dismiss the remaining count at sentencing.

In part because of an extensive criminal history (See generally the PSR), Bowen was

sentenced to 46 months in prison and to a three-year term of supervised release. Although Bowen was not charged a fine, a $100 special assessment was imposed.

Bowen filed a timely direct appeal challenging the constitutionality of the felony and aggravated felony provisions of the illegal re-entry statute. On December 12, 2002, the Fifth Circuit affirmed the judgment of conviction and sentence. *See United States v. Allison Noel Bowen*, 54 Fed. Appx. 797, 2002 WL 31845764 (5th Cir. Dec. 12, 2002) (not designated for publication).

Following the issuance of the Fifth Circuit's decision, Bowen filed a timely Section 2255 motion, which was given the cause number B-03-CV-032. In that case, Bowen filed numerous pleadings, many of which were exact copies of his original motions. Though some of the filings were docketed, others were not.

This Court prepared a Report and Recommendation in B-03-032 on March 31, 2004, which recommended that the district court deny the relief sought by the Petitioner and grant the Government's motion to dismiss. On May 14, 2004, the district court issued an order adopting this Court's Report and Recommendation. Accordingly, Bowen's habeas application was dismissed.

On February 9, 2004, while B-03-032 was pending, Bowen again filed copies of his original motions. As previously stated, on several occasions Bowen re-filed pleadings and copies of his original motions. Typically, those pleadings were either docketed or simply inserted into the case file. However, on this occasion –on February 9, 2004– the district clerk's office opened a new case file and gave Petitioner Bowen's filing the cause number B-04-025. It is this Court's belief that the motions that now constitute cause number B-04-025 should have been filed,

docketed, or placed into B-03-32. However, the district clerk's office opened a new file, thus creating a new habeas application. This Report and Recommendation suggests a course of action for dealing with this newly –and perhaps, wrongly– created habeas petition.[1]

## DISCUSSION

As alluded to above, this Court must decide what course of action to recommend regarding Petitioner Bowen's second application for habeas relief. Because the petition was filed subsequent to Bowen's initial habeas application, the issue of whether or not the petition at issue is a "successive" petition for AEDPA purposes becomes significant.

Pursuant to 28 U.S.C. § 2244(b):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Although Bowen does not discuss the issue of successiveness in his motion, the question of whether or not Bowen's petition is "successive" within the meaning of Section 2244 must be addressed because this Court's jurisdiction is implicated. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). In *United States v. Key*, the Fifth Circuit held that "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." 205 F.3d 773, 774 (5th Cir. 2000); *see also Crone*, 324 F.3d at 836.

---

[1] In B-03-CV-032, Petitioner Bowen filed motions that are nearly identical to the ones herein at issue. In fact, Docket Nos. 1 and 2 in B-03-032 are almost indistinguishable from their counterparts in the case at hand, B-04-025. In B-03-32, Bowen's motions were dismissed. In Bowen's prior habeas application, the Court treated his request for relief as a two-pronged attack. The Court construed his ineffective assistance claims as a Section 2255 motion, and interpreted his request for relief from deportation as a Section 2241 habeas application.

3

A prisoner's application is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The Fifth Circuit has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Based on this language from the Fifth Circuit, it would appear that Bowen's second petition should be considered "successive" for purposes of the AEDPA. However, Supreme Court jurisprudence calls into question such an assessment of Bowen's second habeas petition.

Traditionally, a "successive" petition has been defined as one that raises the same claims as those raised **and rejected** in a prior petition. *See, e.g., Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion of Powell, J., joined by Burger, C.J., and Rehnquist and O'Connor, J.J.) (emphasis added) ("A 'successive petition' raises grounds identical to those raised and rejected on a prior petition"). Controlling weight may be given to the denial of a prior application for federal habeas corpus or Section 2255 relief only if the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent application. *Sanders v. United States*, 373 U.S. 1, 15 (1963). In other words, there must be some sort of decision on the merits regarding the first petition for a second petition to be considered "successive."

In the case at hand, no decision had been rendered regarding Bowen's initial habeas application when his second application was filed. Therefore, his second habeas application cannot be considered "successive." *See Kuhlmann*, 477 U.S. at 444 n.6; *Sanders*, 373 U.S. at

4

15.[2]

Although this cause of action cannot be considered a "successive" habeas application, it should be reiterated that the claims raised by Bowen in the motions herein at issue are identical to those raised in B-03-032. In fact, though there are slight differences in the prose and grammar, it appears Bowen used the same word processor file to generate his motions in both B-03-032 and B-04-025. This Court can conceive of no other way to interpret the filings herein at issue other than as copies of same pleadings that formed the basis for his original cause of action. For that reason, this Court believes that said pleadings should have rightly been filed with B-03-032. Accordingly, this Court is of the opinion that the motions sub judice were mooted by the decision rendered by the district court in B-03-032, which effectively dealt with the claims raised in this cause of action.

## RECOMMENDATION

For the aforementioned reasons, this Court RECOMMENDS that Petitioner Bowen's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) and his Motion to Show Cause and Application for Waiver of Deportation Under Section 212(c) (Docket No. 2) be considered MOOTED by the decision rendered in B-03-032. Accordingly, said motions should be DISMISSED and this case file should be CLOSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and

---

[2] Although Fifth Circuit precedent does allow a subsequently-filed habeas application that constitutes an abuse of the writ to be considered "successive," it is not altogether clear that Bowen even intended his filing to constitute a separate cause of action. Therefore it would be inappropriate to deem his filing an abuse of the writ. To do so would mean ascribing intent to Bowen's conduct that this Court is not convinced can be properly attributed to the Petitioner.

recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 3rd day of June, 2004.

Felix Recio
United States Magistrate Judge